UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOYNER, M33269, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 15 C 4307<br>)<br>) Judge Sara L. Ellis |
| KURTIS HUNTER, Acting Warden<br>Shawnee Correctional Center, | )<br>)<br>) |
| Defendant. | )<br>) |

**OPINION AND ORDER**

Petitioner Robert Joyner, currently incarcerated at Centralia Correctional Center, is serving a twenty-seven-year sentence for attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, and aggravated battery. Joyner has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Because Joyner has not shown that the Illinois Appellate Court's decision on his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, the Court denies Joyner's petition for a writ of habeas corpus.

**BACKGROUND[1]**

On August 31, 2012, a trial court judge convicted Joyner of attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm, and aggravated battery and sentenced him to twenty-seven years of imprisonment following a bench trial in the circuit court of Cook County.

---

[1] The Court will presume that the state court's factual determinations are correct for the purposes of habeas review, as Joyner has not rebutted these findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The Court thus adopts the state court's recitation of the facts.

## I. Fitness to Stand Trial Hearing

Prior to his trial, the court held a hearing to determine if Joyner was fit to stand trial.[2] At the hearing, the State presented the testimony of Dr. Nishad Nadkarni, who testified that he had evaluated Joyner on six occasions and that based on his evaluation of Joyner and his review of Joyner's psychiatric records, Joyner was in fact malingering and fit to stand trial.

Joyner introduced the testimony of Dr. Carl Wahlstrom, who had examined him four times during the prior ten-month period. Dr. Wahlstrom testified that Joyner suffered from paranoid schizophrenia and that he was not a malingerer. However, following his fourth examination of Joyner, Dr. Wahlstrom found that Joyner was fit to stand trial despite having determined during previous examinations that he was unfit. Dr. Wahlstrom also noted that Joyner had been previously diagnosed as malingering while undergoing treatment at the VA, but Dr. Wahlstrom had not reviewed those records.

Additionally, Joyner presented the testimony of Dr. Linda Grossman, who had diagnosed Joyner with chronic paranoid schizophrenia and probable post-traumatic stress disorder and found Joyner unfit to stand trial because he suffered from delusions. The State called Dr. Peter Lourgos in rebuttal to Dr. Grossman's testimony. Dr. Lourgos opined that Joyner was fit to stand trial. The court found that only Dr. Grossman clearly concluded that Joyner was unfit to stand trial and that the remaining testimonies outweighed that of Dr. Grossman.

## II. Defense of Insanity at Trial

At trial, Joyner raised the affirmative defense of insanity. In support of this claim, defense counsel identified as witnesses Dr. Grossman and Drs. Angeles Gonzalez, Leon Kaufmann, and Laura Kordon from the VA hospital. She also later included Dr. Wahlstrom.

---

[2] Though Joyner's § 2554 petition does not challenge the trial court's fitness ruling, the facts of this hearing are included because Joyner asserts that his attorney should have called one of his fitness witnesses at trial.

2

When asked by the court which witnesses she intended to call, defense counsel said she intended to call all five witnesses but may only call one or none.

At trial, Joyner called only Dr. Grossman in support of his insanity defense. Dr. Grossman testified that in the past Joyner had been diagnosed with chronic paranoid schizophrenia, PTSD, and psychotic depression. Dr. Grossman also stated that Joyner had reported to the VA that he had previously experience auditory and visual hallucinations. In making this diagnosis, Dr. Grossman reviewed Joyner's medical and police records, spoken with Joyner's mother, and conducted additional interviews of Joyner in addition to those done in preparation for the prior fitness hearing. Dr. Grossman noted that Joyner's mother had reported that he had demonstrated psychotic behavior for over a decade, such as crawling around the house in army fatigues after he returned from the Gulf War. These reports, in conjunction with the fact that Joyner had been prescribed various anti-psychotic, anti-anxiety, and anti-depressant medications, indicated to Dr. Grossman that Joyner did in fact have a genuine mental illness. Dr. Grossman acknowledged that Joyner's VA records noted that he was malingering, though she ultimately rejected a diagnosis of malingering based on her own evaluation. However, Dr. Grossman offered no opinion on the question of Joyner's sanity at the time of the crime because she was unable to determine if Joyner lacked the substantial capacity to understand and appreciate the criminality of his conduct at that time.

After the State rebutted Dr. Grossman's testimony with the testimony of Dr. Nadkarni, the parties presented their closing arguments to the court. Defense counsel argued for a verdict of not guilty by reason of insanity, and, alternatively, guilty but mentally ill. Counsel cited to the definition of insanity given in 730 Ill. Comp. Stat. 5/5-1-11 and stated that "defendant only has to prove the insanity defense by a preponderance of the evidence." She concluded by asserting

that the evidence was both clear and compelling that Joyner suffered from a genuine mental illness that rendered him legally incapable of understanding the criminality of his actions, both at the time of trial and on the date of the incident.

The trial court found that the State had proven beyond a reasonable doubt that Joyner had committed the charged crimes. Regarding Joyner's insanity defense, the court noted that defense counsel had incorrectly stated the burden of proof and that Joyner bore the burden of proving that he was insane at the time of the crime by clear and convincing evidence, not by a preponderance of the evidence as stated in counsel's closing argument. Because neither doctor testified that Joyner was insane at the time of the crime, the court had doubts as to whether Joyner suffered from a valid mental illness and found that he failed to prove by clear and convincing evidence that he was insane at the time of the crime.

Joyner moved for a new trial, asserting that he had proven his insanity defense by clear and convincing evidence; the court had denied the defense because no expert had testified that Joyner was insane at the time of the crime. The court sentenced Joyner to twenty-seven years of imprisonment.

**III.    Appeal**

Joyner appealed his conviction, claiming that counsel was ineffective because she did not know the correct burden of proving the affirmative defense of insanity, causing her not to present additional evidence in support of this defense, including testimony from Dr. Wahlstrom, two additional VA psychiatrists, and Joyner's mother. The state appellate court affirmed Joyner's conviction. Joyner filed a petition for a leave to appeal raising the same claim to the Illinois Supreme Court, which denied the petition on March 25, 2015. Joyner has neither petitioned the United States Supreme Court for certiorari nor has he filed a state post conviction petition.

Joyner has exhausted his state court remedies for his claim. On May 14, 2015, Joyner timely filed the instant petition for a writ of habeas corpus under 28 U.S.C § 2254 asserting ineffective assistance of counsel.

## LEGAL STANDARD

A habeas petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See Id*. at 407.

## ANALYSIS

A federal court may grant habeas relief on a § 2254(d) claim if the state court's decision was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 100, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). When conducting a habeas review of a state court's denial of an effective assistance of counsel claim, this Court does not evaluate trial counsel's performance *de novo*; rather it determines whether the state court's application of the Supreme Court standard from *Strickland*

*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) was unreasonable. *See Harrington*, 562 U.S. at 101. The Court assesses the reasonableness of the state court's decision, not the adequacy of its reasoning, and the Court may only grant relief "where there is no possibility that fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Harrington* 562 U.S. at 102. The Court must give "deference and latitude" to the state court's decision. *Harrington*, 562 U.S. at 101. "The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009). According to *Strickland,* a defendant must show that his counsel's performance "fell outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694; *see also Allen*, 555 F.3d at 600.

Joyner asserts that because of his attorney's failure to understand the correct burden of proof for his affirmative defense of insanity, he received ineffective representation at trial. Had defense counsel known that the proper burden of proof was clear and convincing, rather than by a preponderance of the evidence, Joyner argues that defense counsel would have called additional witnesses to testify about his mental state at the time of the crime, specifically his mother, Dr. Wahlstrom, and two VA psychiatrists.

In determining the merits of Joyner's appeal, the state appellate court correctly cited *Strickland* as the governing standard, stating that "to prevail on a claim of ineffective assistance of trial counsel, the defendant must satisfy the two-prong test set forth in *Strickland*." Doc. 14-1 at 22. This Court thus turns to whether the state appellate court's decision was an unreasonable

application of *Strickland*. The Court considers a claim for ineffective assistance of counsel based on counsel's work "as a whole" because "it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006). In this case, the state appellate court explained that defense counsel's other references to the appropriate burden of proof and other evidence in the record demonstrated that she had believed the evidence presented was sufficient to meet the correct standard of proof. Doc. 14-1 at 24. While discussing Joyner's burden of proof, counsel consistently argued that the evidence was overwhelming, clear, and compelling, intimating that the counsel's main argument was that Joyner had proven his insanity by clear and convincing evidence. *Id.* Therefore, the state appellate court determined that based upon the numerous citations to the correct burden of proof throughout counsel's argument, counsel did in fact understand the correct burden of proof. *Id.* This Court may not grant habeas relief unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented or contrary to clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Because a state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case, this Court finds that the state appellate court's decision is objectively reasonable in light of the standards established in *Strickland*. *Shultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002).

While Joyner's failure to show that the state appellate court's decision was objectively unreasonable in determining that counsel's performance was sufficient although she misstated the correct burden of proof ends the habeas review, this Court nevertheless turns to whether counsel's alleged mistake of law prejudiced him. For this Court to grant habeas relief, Joyner must show that but for the failure of counsel he would have prevailed on the merits of the case. *Strickland*, 466 U.S. at 669. Joyner must, therefore, demonstrate that counsel's errors "resulted

7

in actual and substantial disadvantage to the course of his defense." *Id.* at 682. To assess the probability of a different outcome, courts consider the totality of all available evidence, both at trial and later produced during habeas proceedings to determine if the new evidence would have been determinative. *Williams v. Taylor*, 529 U.S. 362, 397–398, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Joyner asserts that counsel's alleged mistake of law prejudiced him because his counsel did not call Dr. Wahlstrom, two VA psychiatrists, and his mother as witnesses at trial. The state appellate court found that counsel made a strategic decision in not calling both Dr. Wahlstrom and the two VA psychiatrists as neither could testify to Joyner's mental state at the time of the crime, the critical question at trial. Doc. 14-1 at 31. Dr. Wahlstrom and the two VA psychiatrists likely would have also opined as to Joyner's malingering, providing adverse testimony that would have likely hurt Joyner's claim of insanity. *Id.* Because neither Dr. Wahlstrom, nor the two VA psychiatrists could opine to the petitioner's sanity at the time of the crime, their testimony likely would not have altered the outcome at the trial court. *See Porter v. McCollum*, 558 U.S. 30, 41, 130 S. Ct. 447, 453-54, 175 L. Ed. 2d 398 (2009) (quoting *Strickland*, 466 U.S. at 700). Additionally, Joyner's expert witness Dr. Grossman, testified at length about Joyner's mother's reports. Therefore, additional testimony from Joyner's mother would have been cumulative of Dr. Grossman's testimony and would not have altered the outcome of the case. Finally, no allegation has been made that counsel had failed to investigate these witnesses, who had previously been on her witness list when submitted pre-trial. Due to a lack of evidence suggesting a failure to investigate, the state appellate court reasonably concluded that counsel consciously decided not to call them and did not render a deficient performance. *United States v. Berg*, 714 F.3d 490, 499 (7th Cir. 2013); *see also Bobby v. Van Hook,* 558 U.S. 4, 130 S. Ct. 13, 18–19, 175 L. Ed. 2d 255 (2009) (holding performance not

deficient when counsel gathered a substantial amount of information and then made a reasonable decision not to pursue additional sources).

As a result, the state appellate court reasonably determined that counsel's performance was neither deficient nor did it result in actual and substantial disadvantage to the course of Joyner's defense. *Strickland* 466 U.S. at 682. Because the state appellate courts decision is neither an unreasonable application of Supreme Court precedent nor is it based on an unreasonable determination of the facts in light of the evidence presented, this Court cannot find the state appellate court's decision contrary to clearly established Supreme Court precedent. *Cabrera v. Johnson*, No. 11 C 6141 2013 WL 2477065 (N.D. Ill. June 7, 2013) (quoting *Garth v. Davis*, 470 F.3d 702, 710 (7th Cir. 2006) (a "decision applying the correct legal rule to the facts of a case is not 'contrary to' within the meaning of § 2254(d)(1)")). Therefore, the Court dismisses Joyner's petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. To be entitled to a certificate of appealability, a habeas petitioner must make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). A petitioner does this by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot*, 463 U.S. at 893 n.4).

For the reasons stated more fully above, a reasonable jurist would not find the ruling debatable because Joyner failed to demonstrate that the state appellate court unreasonably applied the standard set forth in *Strickland* when determining his claim for ineffective counsel at trial. Joyner has, therefore, failed to make "a substantial showing of the denial of a constitutional right" as required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court dismisses Joyner's 28 U.S.C. § 2254 petition for a writ of habeas corpus and declines to certify any issues for appeal under 28 U.S.C. § 2253(c). The case is terminated.

Dated: November 6, 2018

_____
SARA L. ELLIS
United States District Judge